## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## www.flmb.uscourts.gov

In re:

  Yulexy Hernandez,

              Debtor.
_____/
MARY IDA TOWNSON
United States Trustee for Region 21,
              Plaintiff,

vs.

YULEXY HERNANDEZ,
              Defendant.
_____/

Case No. 8:23-bk-04292-CPM

Chapter 7

Adv. Pro. No. 8:24-ap-____-CPM

## UNITED STATES TRUSTEE COMPLAINT
## OBJECTING TO THE ENTRY OF THE DEBTOR'S DISCHARGE

Mary Ida Townson, the United States Trustee for Region 21, through the undersigned counsel, files this complaint objecting to entry of Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(3), 727(a)(4)(A) and (D), 727(a)(5) and 727(a)(7). In support of this complaint, the United States Trustee alleges:

### I.   JURISDICTION AND VENUE

1. This complaint is filed pursuant to 11 U.S.C. § 727 and Rule 7001(4), Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727.

1

3. This is a core proceeding under 28 U.S.C. §§ 151 and 157(b)(2)(J).

4. Venue is proper under 28 U.S.C. § 1409.

5. The United States Trustee has standing to bring this action, pursuant to 11 U.S.C. §§ 307 and 727(c).

## II. PARTIES

6. Plaintiff, Mary Ida Townson, is the United States Trustee for Region 21.

7. Defendant, Yulexy Hernandez is an individual who resides at 2502 Lake Front Drive, Lake Wales, FL 33898[1].

## III. GENERAL ALLEGATIONS

**A.   Procedural History**

8. On September 28, 2023 (the "Petition Date"), Defendant filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. (Doc. 1).

9. On the Petition Date, Defendant filed his schedules and statements, signed these documents under penalties of perjury. (Doc. 1).

10. Christine Herendeen was appointed to serve as the chapter 7 trustee and continues to serve in that capacity.

---

[1] The Debtor's petition lists a mailing address of 1855 W. 60th Street, Apt. 334, Hialeah, FL 33012.

11. The chapter 7 trustee conducted the 341(a) Meeting on November 1, 2023, November 17, 2023, December 14, 2023, and concluded on January 10, 2024 (the "341 Meeting").

12. The deadline to oppose discharge was first set for January 10, 2024.

13. The Court entered an *Order Granting Motion to Extend Time for Filing a Motion to Dismiss and for Filing a Complaint Objecting to Discharge*, extending the deadline through, and including March 4, 2024. (Doc. 18).

14. The Court entered an *Agreed Order Granting Motion to Extend Time for Filing a Motion to Dismiss and for Filing a Complaint Objecting to Discharge*, most recently extending the deadline through, and including May 3, 2023. (Doc. 27).

15. At the 341 Meeting the Defendant was questioned at length regarding his interest in All Around Wood Work, LLC ("AAWW"). Specifically, Ms. Herendeen questioned the Debtor about (i) his personal assets and the assets of AAWW (ii) the sale of the Defendant's real and personal assets in the two-year period prior to the filing of the Defendant's personal Chapter 7 case, (iii) transfers the Defendant received from AAWW, and, (iv) whether the Defendant had records of the transfers from AAWW and/or the use of AAWW funds for the payment of Defendant's personal expenses.

16. On September 28, 2023, the Defendant, as president and sole member of AAWW filed a Chapter 7 voluntary petition, schedules, and statements for AAWW, at Case No. 23-bk-4293-CPM.

3

17. Christine Herendeen was initially appointed Chapter 7 trustee for the AAWW estate; Ms. Herendeen later resigned as trustee and Carolyn Chaney was appointed as successor trustee.

18. Christine Herendeen conducted the AAWW Meeting of Creditors on November 1, 2023, November 17, 2023, and December 14, 2023. Carolyn Chaney, after her appointment as successor trustee, conducted and concluded the meeting on December 21, 2023 (the "AAWW Meeting").

**B. Defendant's Scheduled Assets, Debts, Income, and Expenses**

19. On Schedule A/B, Defendant declared: (a) an interest in real property located at 2502 Lake Front Drive, Lake Wales, FL (the "Lake Front Property")[2], with a value of $400,000.00; and (b) interest in personal property with an aggregate value of $80,619.00.

20. On Schedule D, Defendant listed four creditors holding secured claims against vehicles listed on Schedule B. The Defendant listed no secured claim against his real property.

21. On the Schedule E/F, Defendant declared no creditors holding priority claims on Schedule E, and unsecured nonpriority claims in the aggregate amount of $242,571.66 on Schedule F.

---

[2] The Debtor testified that he moved into the Lake Front Property in August 2023, but did not list this as his address on the Petition.

22. The Defendant asserted that some of the unsecured claims listed on Schedule F represent use of his personal credit cards for business purposes and debts of AAWW for which the Defendant gave a personal guarantee.

23. The Defendant scheduled an obligation to the Small Business Administration in the amount of $100,000.00.

24. On Schedules I and J respectively, Defendant declared total monthly gross income of $8,961.87, representing self-employment income ($4,900), net income received by his non-filing spouse ($4,061.87) and, monthly expenditures of $6,549.55.

25. On the Statement of Financial Affairs, the Defendant listed gross income from the operation of a business in 2023 through the Petition Date in the amount of $10.00, gross income from the operation of a business in 2022 in the amount of $81,630.00, and gross income from the operation of a business in 2021 in the amount of $95,947.00.

26. The Defendant has not filed any amendments to his Schedules and Statements.

**C. All Around Wood Work, LLC's Schedules and Statements**

27. On September 28, 2023, the Defendant, as president and sole member of AAWW filed a Chapter 7 voluntary petition, schedules, and statements for AAWW, which the Defendant signed under penalties of perjury.

28. Christine Herendeen was appointed Chapter 7 trustee for the AAWW estate; Ms. Herendeen later resigned as trustee and Carolyn Chaney was appointed as successor trustee.

29. On Schedule A/B, Defendant declared: (a) no interest in real property, and (b) no interests in personal property.

30. On Schedule D, Defendant listed no creditors holding secured claims.

31. On the Amended Schedule E/F, Defendant declared no creditor holding a priority claim on Schedule E, and unsecured nonpriority claims in the aggregate amount of $142,538.53 on Schedule F. The unsecured claims included four (4) credit card obligations and an SBA loan in the amount of $100,000.00.

32. AAWW's Statement of Financial Affairs (Statement 1) disclosed gross revenue $185,523.00 for the year 2023 through the petition date of September 28, 2023.

33. AAWW listed gross revenue from a business for 2022 in the amount $110.00 and $10.00 for 2021.

34. The tax returns filed by the Defendant for 2022 listed gross receipts to AAWW in the amount of $81,630.00 and gross receipts to AAWW in the amount of $95,947.00 in 2021.

35. At the AAWW Meeting of Creditors, Defendant testified that he routinely used the AAWW funds for his personal use, including using the proceeds from the SBA loan and over $30,000 in cash advances from credit cards to (i) purchase the Lake Front Property in 2020 and (ii) then to construct a 4 bedroom, 3 bath home on the Lake Front Property in which he currently resides.

36. The Defendant also testified that he kept no records of any cash withdrawals made from the AAWW account that were used to pay laborers or purchase materials to build the Lake Front house or for purchases for AAWW business needs.

**D. Bankruptcy Documents filed and Testimony Given under Penalties of Perjury**

37. For both his personal Chapter 7 case and the AAWW Chapter 7 case, Defendant signed the petitions, schedules, and statements under the penalty of perjury, declaring that the contents of the documents were true and correct.

38. Defendant provided testimony under penalty of perjury at the 341 Meeting on November 1, 2023, November 17, 2023, December 14, 2023, and January 10, 2024.

39. Defendant provided testimony under penalty of perjury at the AAWW Meeting on November 1, 2023, November 17, 2023, December 14, 2023, and December 21, 2023.

## IV. FACTUAL ALLEGATIONS

A. **Financially Sophisticated Debtor.**

40. Defendant is a financially sophisticated individual who has owned and operated his own business for at least six (6) years.

41. Defendant's business experience includes owning and operating AAWW for the six years prior to the Petition Date.

42. At the time of the bankruptcy filings, Defendant was the sole owner, officer, and operator of AAWW. The Debtor owns at least one other limited liability company, Modern Design Carpentry, LLC, which Defendant registered days before his petition was filed. Post-petition, the Defendant has worked for various other companies as a sub-contractor under Modern Design Carpentry, LLC.

### B.   False Oaths or Omissions, and Transfers

*<u>Defendant's Individual Chapter 7 Case.</u>*

43.   Defendant provided testimony under penalty of perjury at the 341 Meeting on November 1, 2023, November 17, 2023, December 14, 2023, and January 10, 2024.

44.   At the 341 Meeting, the Defendant testified that (a) Defendant read and signed the bankruptcy documents filed with the bankruptcy court; (b) the information contained in the bankruptcy documents were true and correct; and (c) there were no errors and omissions to bring to the attention of the chapter 7 trustee.

45.   In Statement 2 of the Statement of Financial Affairs, which requires debtors to list prior addresses, the Defendant listed that he had not lived in any other place in the three years prior to the filing of the Petition.

46.   The Defendant failed to disclose that he owned a property located at 933 Deming Drive, Winter Haven, FL (the "Deming Property") in the three years prior to the filing of the Petition, that he had lived in the Deming Property between 2016 and 2022.   The Defendant also failed to disclose the sale of the Deming property in Statement 18 of the Statement of Financial Affairs[3].

---

[3] The Defendant originally testified that he sold the Deming Property in 2021 but did not recall the actual date of the sale.   The Defendant later produced documents showing that the sale occurred in March 2022.

47.     The Defendant testified that he received between $140,000 and $180,000 from the sale of the Deming Property.   The Defendant testified that the proceeds from the sale were deposited into the AAWW bank account in 2022 and then were used by the Defendant to construct the Lake Shore Property, among other personal expenses.

48.     In Statement 4 of the Statement of Financial Affairs, which requires that debtors disclose year-to date income from employment or operation of business, the Defendant listed gross income from the operation of a business in 2023 through the Petition Date in the amount of $10.00, gross income from the operation of a business in 2022 in the amount of $81,630.00, and gross income from the operation of a business in 2021 in the amount of $95,947.00.

49.     The United States Trustee requested and received copies of bank statements of AAWW and Profit and Loss Statements for AAWW.

50.     The bank records of AAWW shows total deposits of $106,644.38 between January 1, 2023, and August 17, 2023 into AAWW's savings account.   Of those deposits, $36,468.00 was transferred to an account the Defendant held jointly with his non-filing spouse.

51.     The bank records of AAWW also show cash withdrawals totaling $20,426 through September 22, 2023.

52.     The Defendant testified that he utilized the AAWW bank account to deposit both business and personal receipts; specifically, the Defendant testified that at least $179,000 from the proceeds of the sale of the Deming Property was deposited into the AAWW business account in 2022.

53. The Defendant also testified that he used the AAWW account to pay personal expenses and for the construction of the Lake Front Property in 2022 and 2023 but did not have records showing how much was withdrawn from the AAWW account for the construction, and to whom any and how any such withdrawals were used or distributed.

54. The Defendant did not disclose in his Statement of Financial Affairs the amount of AAWW funds he received in 2023.

55. Based upon the records provided by the Defendant and obtained by the United States Trustee, the Debtor acquired the Lake Shore Property on or about July 10, 2020. The Lake Shore Property was titled in the Defendant's name. Upon completion of the construction of the Lake Shore Property, the Defendant asserted a homestead exemption in the property.

*AAWW Chapter 7 Case*

56. Defendant provided testimony, under penalty of perjury, at the AAWW Meeting of Creditors on November 1, 2023, November 17, 2023, December 14, 2023, and December 21, 2023.

57. At the AAWW Meeting of Creditors, the Defendant testified that (a) Defendant read and signed the bankruptcy documents filed with the bankruptcy court in his position as President of AAWW; (b) the information contained in the bankruptcy documents were true and correct; and (c) there were no errors and omissions to bring to the attention of the chapter 7 trustee.

58. Statement 4 of the Statement of Financial Affairs requires that debtors disclose year-to date income from employment or operation of business. AAWW listed gross revenue from a business during 2023 through the Petition date of $185,523.00.

59. As set forth herein, the total receipts deposited into the AAWW account during 2023 totaled $106,644.38.

60. AAWW listed gross revenue from a business for 2022 in the amount $110.00 and $10.00 for 2021.

61. The tax returns filed by the Defendant for 2022 listed gross receipts to AAWW in the amount of $81,630.00 and gross receipts to AAWW in the amount of $95,947.00 in 2021.

62. AAWW's Schedules did not properly record the amount of gross receipts from the operation of the business for 2021, 2022 and in 2023 through September 28, 2023.

C. **Withholding and Concealing of Financial Records**

63. On December 7, 2023, the United States Trustee requested that the Defendant provide documents related to his financial affairs as well business records related to AAWW, including but not limited to: (i) documents evidencing all sources of income, revenue, dividends, distributions and commissions received by the Defendant, (ii) financial statements, including Profit and Loss, Balance Sheet, Income Statements related to any business in which the Debtor held an interest, (iii) business and personal tax returns, and (iv) loan documents or other documents related to business and personal loans.

64. Defendant produced some, but not all of the requested documents.

65. When questioned at both the 341 Meeting in his personal case and at the AAWW Meeting of Creditors, the Defendant repeatedly testified that (i) he utilized the AAWW bank account for both business and personal use, (ii) that he could not identify any specific withdrawal that was used for personal expenses, (iii) that he used proceeds from an SBA loan made to AAWW to purchase and construct a personal residence on the Lake Front Property, (iv) that he made cash withdrawals from the AAWW account to construct the Lake Front Property and pay other personal expenses, and (v) that he did not maintain receipts for any of the cash withdrawals or records as to whom any of the cash withdrawals were paid.

66. The United States Trustee reviewed AAWW's bank records for the time period of August 2021 through November 2023. AAWW received SBA loan proceeds totaling $57,900.00 in August 2021 and April 2022[4].

67. The Defendant testified that he used the proceeds from the SBA loans and other income of AAWW to purchase the Lake Front Property in 2020 and then used additional loan distributions to construct the Lake Front Property in 2023.

68. The Defendant has concealed, destroyed, and failed to keep or preserve information, documents, records from which his personal financial condition can be ascertained.

---

[4] The Defendant also testified that he received $42,100 from the SBA in June of 2020; less than one month later, the Defendant purchased the Lake Front Property and titled it in his personal name.

AAWW similarly concealed, destroyed, and failed to keep or preserve information, documents, records from which AAWW's financial condition can be ascertained.

## V.   CAUSES OF ACTION SEEKING DENIAL OF DISCHARGE
### COUNT I
### 11 U.S.C. § 727(a)(3)
*(Concealed or Failure to Keep or Preserve Records)*

69. The Plaintiff realleges paragraphs 1 through 68 inclusive and incorporates them by reference.

70. This is an action objecting to the discharge of the Defendant pursuant to 11 U.S.C. § 727(a)(3), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

71. Denial of Defendant's discharge is appropriate upon a showing by preponderance of the evidence that Defendant "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case" under 11 U.S.C. § 727(a)(3).

72. Defendant concealed or failed to keep or preserve his personal and business records when he failed to turn over to the United States Trustee the financial records requested by the United States Trustee.

73. Defendant's concealment of records or his failure to keep and preserve records is not reasonable under the circumstances.

74. Defendant's concealment of records or his failure to keep and preserve records made it impossible to ascertain the Defendant's personal and business transactions, prepetition as well as post-petition.

75. Defendant failed to keep or preserve financial documents from which his business transactions might be ascertained.

76. Said actions constitute grounds for denial of discharge under 11 U.S.C. § 727(a)(3).

## COUNT II
## 11 U.S.C. § 727(a)(4)(A) and (D)
*(False Oaths or Accounts, Withholding Records or Documents)*

77. The Plaintiff realleges paragraphs 1 through 76 inclusive and incorporates them by reference.

78. This is an action objecting to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(4)(A), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

79. Defendant's discharge can be denied upon a showing, by preponderance of the evidence, that Defendant "knowingly and fraudulently, in or in connection with the case—made a false oath or account" under 11 U.S.C. § 727(a)(4)(A).

80. Each non-disclosure, as described in paragraphs 43 through 69, constitutes knowing and fraudulent false oaths or accounts in connection with the case.

81. Defendant made false oaths and omissions in connection with his bankruptcy case and in connection with the AAWW case.

82. Defendant made statements under oath when he signed his Petition, Schedules, and Statement of Financial Affairs, in his individual case and the AAWW case.

83. Defendant's schedules and statements were affirmatively false and/or contained material omissions when he failed to disclose all compensation and payments paid to him directly or indirectly through AAWW.

84. Defendant affirmatively omitted critical information about his case by failing to list all funds he received through AAWW on his Statement of Financial Affairs.

85. Said actions constitute grounds for denial of discharge under 11 U.S.C. § 727(a)(4)(A).

## COUNT III
## 11 U.S.C. § 727(a)(5)
### *(Failure to account for loss of assets)*

86. The Plaintiff realleges paragraphs 1 through 85 inclusive and incorporates them by reference.

87. This is an action objecting to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(5), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

88. Defendant's discharge can be denied upon a showing, by preponderance of the evidence, that Defendant "failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities" under 11 U.S.C. § 727(a)(5).

89. Defendant testified at both his 341 Meeting, and at the AAWW's Meeting of Creditors that he did not maintain records of (i) the cash withdrawals from AAWW's account

and how such cash was utilized (ii) the amount of funds from the AAWW SBA loan used by Defendant to build the Lake Front Property, and (iii) the Defendant's use of the funds from the AAWW account for other personal expenditures.

90. Said actions constitute grounds for denial of discharge under 11 U.S.C. § 727(a)(5).

**COUNT IV**
**11 U.S.C. § 727(a)(7)**
***(Defendant's Conduct in AAWW)***

91. The Plaintiff realleges paragraphs 1 through 90 inclusive and incorporates them by reference.

92. This is an action objecting to the discharge of the Defendant pursuant to 11 U.S.C. § 727(a)(7), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

93. Denial of Defendant's discharge is appropriate upon a showing, by preponderance of the evidence, that Defendant "has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider" under 11 U.S.C. § 727(a)(7).

94. Defendant managed, controlled, and held direct interests in AAWW for which he filed a bankruptcy case.

95. Defendant is an insider of AAWW.

96. In AAWW, Defendant has committed acts in violation of 11 U.S.C. § 727(a)(4)(A) by making false oaths and omissions in connection with the AAWW chapter 7 case, as alleged in paragraphs 56 through 68.

97. In AAWW, the Defendant has committed acts in violation of 11 U.S.C. § 727(a)(3) by failing to provide the United States Trustee with the financial records of AAWW as alleged in paragraphs 56 through 68.

98. In AAWW, the Defendant has committed acts in violation of 11 U.S.C. § 727(a)(2)(A) by concealing property of the estate when he failed to provide financial records of AAWW and failed to accurately complete the schedules and statements of AAWW as alleged in paragraphs 43 through 68.

99. Defendant's actions in the bankruptcy case of AAWW constitute reasons to deny Defendant's discharge in his individual case under 11 U.S.C. § 727(a)(7).

100. Said actions constitute grounds for denial of Defendant's discharge under 11 U.S.C. § 727(a)(7).

## VI.   RELIEF REQUESTED AND RESERVATION OF RIGHTS

WHEREFORE, the United States Trustee respectfully requests that the Court (i) enter a final judgment in favor of the United States Trustee and against Defendant, Yulexy Hernandez, denying Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(3), 727(a)(4)(A) and (D), 727(a)(5) and 727(a)(7); and (ii) grant other such relief that the Court deems appropriate.

The United States Trustee reserves her right to amend this complaint to raise additional facts and assert additional causes of action based on information obtained during discovery.

Dated:   May 3, 2024.

        Respectfully submitted,

        MARY IDA TOWNSON
        United States Trustee for Region 21

        By: /s/ Teresa M. Dorr
        Teresa M. Dorr, Esq.
        Trial Attorney
        Florida Bar Number 48037
        501 East Polk Street, Suite 1200
        Tampa, Florida 33602
        (813) 228-2000
        (813) 228-2303 facsimile